# EXHIBIT A

COPY

Filed
12/6/2017 11:03 AM
Annie Rebecca Elliott
District Clerk
Fort Bend County, Texas
Shelby Taylor

CAUSE NO. **17-DCV-247061**

| | | |
|---|---|---|
| **FORT BEND PHARMACY, INC.** | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | OF FORT BEND, COUNTY |
| | § | |
| **FORT BEND RX PHARMACY,** | § | |
| **EXECUTIVE BUSINESS SOLUTIONS,** | § | |
| **LERONEATRA WILLIAMS and** | § | |
| **FATEMEH KHAJEHEI** | § | |
| | § | Fort Bend County - 400th Judicial District Court |
| *Defendants.* | § | \_\_\_\_\_ **JUDICIAL DISTRICT** |

### PLAINTIFF'S ORIGINAL PETITION

Plaintiff Fort Bend Pharmacy files this Original Petition against Defendants Fort Bend RX Pharmacy, Executive Business Solutions and Leroneatra Williams.

#### DISCOVERY LEVEL

1. Plaintiff requests discovery be conducted pursuant to Rule 190.3 (Level 2) of the Texas Rules of Civil Procedure. As required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief in the form of damages, court costs, expenses, and attorneys' fees in excess of $200,000 but not more than $1,000,000, subject to additional discovery and amendment and injunctive relief.

#### PARTIES

2. Plaintiff Fort Bend Pharmacy, Inc. is a Texas corporation with its principal place of business in Fort Bend County, Texas.

3. Defendant Fort Bend Rx Pharmacy is an entity that operates the pharmacy although it is not clear exactly what capacity Fort Bend Rx Pharmacy uses. Service can be effectuated on Fort Bend Rx Pharmacy by serving any officer, director or owner including

Leonaeatra Williams at the principal place of business at 1100 FM 1092, Suite D, Missouri City, Texas 77459 or wherever any such principal of the business can be found.

4. Defendant Executive Business Solutions is believed to be a Texas corporation that can be served through any officer, director or owner including Leroneatra Williams, at the principal place of business at 1100 FM 1092, Suite D, Missouri City, Texas 77459 or wherever any such principal of the business can be found.

5. Defendant Leroneatra Williams is an individual that can be served at her principal place of business 1100 FM 1092, Suite D, Missouri City, Texas 77459 or wherever she may be found.

6. Defendant Fatemeh Khajehei is an individual that can be served at her principal place of business 1100 FM 1092, Suite D, Missouri City, Texas 77459 or wherever she may be found.

### JURISDICTION AND VENUE

7. This Court has personal jurisdiction over all parties. The damages and relief sought are within the jurisdictional limits of this Court.

8. Venue is proper in Fort Bend County, Texas because one or more of the Defendants maintain their principal offices in Fort Bend County, Texas and the events or omissions giving rise to this suit occurred in whole or in part in Fort Bend County, Texas.

### FACTUAL BACKGROUND

9. Plaintiff Fort Bend Pharmacy has been proudly serving Missouri City and the Fort Bend County area since 2006. Over the years, Fort Bend Pharmacy has established itself as a leading pharmacy and has advertised and promoted its services and its name in Fort Bend County and the surrounding counties. Through its efforts, Fort Bend Pharmacy has generated

goodwill related to its name and reputation. This reputation and goodwill has become a valuable asset of Fort Bend Pharmacy.

10. Defendants operate a competing pharmacy operating under the name Fort Bend Rx Pharmacy. In addition to using almost the exact same name, Defendants opened their pharmacy 1.5 miles from Plaintiff down FM 1092 in Missouri City.

11. On information and belief, Defendants offer the same or similar services offered by Plaintiff. On information and belief, Defendants were aware of Plaintiff's operations when they named and located their competing pharmacy. Defendants are attempting to emulate Plaintiff to trade upon the more established and recognized operations of Plaintiff.

12. Defendants' wrongful actions have caused and likely will cause consumers to erroneously believe that Defendants' services are associated with Plaintiff or will result in consumers mistakenly believing they are purchasing from Plaintiff when they are actually purchasing from Defendants. There has already been confirmed actual confusion among Plaintiff's customers, vendors and even Medicare.

## CAUSES OF ACTION

13. Plaintiffs incorporate all foregoing factual allegations into each cause of action.

A. **TRADEMARK INFRINGEMENT – LANHAM ACT, 15 U.S.C. § 43(A).**

14. Plaintiff has been using the name Fort Bend Pharmacy in connection with its pharmacy since 2006 and its use for more than a decade has acquired distinction in both use and duration near its location. Defendants' use of the name Fort Bend RX Pharmacy has caused confusion, deception of the general public, and irreparable harm as to the identify of Plaintiff for which there is no adequate remedy at law.

15.     As a result, Plaintiff has already suffered untold damages and will continue to suffer damages, while Defendants profit at Plaintiff's expense. Defendants' activities entitle Plaintiff to damages for such infringement of Plaintiff's mark under 15 U.S.C. § 43(a).

16.     Defendants' acts have been and are grossly negligent, deliberate, willful, or malicious, entitling Plaintiff to enhanced damages and attorneys' fees under 15 U.S.C. § 1117.

17.     Unless Defendants are enjoined, Plaintiff has no adequate remedy at law and will be irreparably harmed.

**B.      FALSE REPRESENTATION – LANHAM ACT § 15 U.S.C. § 43(A)**

18.     In violation of the Lanham Act, Defendants have systematically advertised and marketed themselves in a way that has and will cause confusion, mistake, or deception as to the source of the products and services being marketed by Defendants. Such activities will mislead and divert customers of Plaintiff and damage and tarnish the excellent reputation Plaintiff has established in the marketplace. Accordingly, such actions are contrary to the prohibitions of the Lanham Act and have caused harm to Plaintiff and the consuming public.

19.     Defendants' operations constitute false designation of origin and false descriptions or representations of those same goods in violation of 15 U.S.C. § 1125(a).

20.     Defendants have used, and continue to use, false and misleading statements and representations of fact to prospective customers of Plaintiff, thereby misrepresenting the nature, characteristics and qualities of their products and services.

21.     Defendants' unlawful conduct is causing Plaintiff severe and irreparable harm that cannot be adequately remedied solely by damages. Unless restrained and enjoined by this Court, Defendants' unlawful actions are likely to continue to Plaintiff's detriment.

22.     Pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116, Plaintiff is entitled to an order of this Court, effective during the pendency of this action and thereafter to be made permanent, enjoining Defendants, their officers, agents, and employees and anyone acting in active concert therewith from using "Fort Bend Pharmacy", "Fort Bend Rx Pharmacy", alone or in combination with other words or any other colorable imitations of Fort Bend Pharmacy in their naming, advertising or sale of goods or services in connection with Defendants' business.

23.     As a result of Defendants' wrongful conduct, Plaintiff has suffered damages, the exact amount of which Plaintiff has not yet been able to determine. Pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117, Plaintiff is entitled to recover a judgment for damages not to exceed three times the amount of its actual damages, as shall be proved at trial, together with interest thereon, and for an amount equal to Defendants' profits derived from its unlawful and wrongful conduct.

**C.     COMMON LAW TRADEMARK INFRINGEMENT**

24.     Plaintiff's use of Fort Bend Pharmacy has earned it protections under Texas common law as senior user of Fort Bend Pharmacy in the area. Defendants' use of Fort Bend Rx Pharmacy has and will continue to have the effect of causing consumer confusion, mistake, or deception as to the source and origin of Plaintiff's goods and services and to deceive the public.

25.     Unless enjoined by this Court, Defendants will continue its acts of trademark infringement, thereby deceiving the public and causing Plaintiff immediate and irreparable harm and damage.

26.     Pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116, Plaintiff is entitled to an order of this Court, effective during the pendency of this action and thereafter to be made permanent, enjoining Defendants, their officers, agents, and employees, and anyone acting in

concert with them, from using the phrase Fort Bend Pharmacy, alone or in combination with other words or any other colorable imitations of the Fort Bend Pharmacy including Fort Bend Rx Pharmacy in Defendants' name, advertising, marketing, or sale of its products and services, online or otherwise, or in any other way in connection with the conduct of their business.

27. As a result of Defendants' conduct set forth above, Plaintiff has suffered damages the exact amount of which Plaintiff has not been able to determine. Plaintiff is entitled to recover from defendants such damages, together with interest thereon, and an amount equal to Defendants' profits derived from its unlawful and wrongful conduct.

### D. COMMON LAW UNFAIR COMPETITION AND UNFAIR COMPETION UNDER THE LANHAM ACT § 4334

28. Defendants' use of Plaintiff's name to promote, market, or sell competing products or services in direct competition with Plaintiff's goods and services constitutes Unfair Competition pursuant to 15 U.S.C. § 1125(a). Defendants' actions are likely to cause confusion, mistake, and deception among consumers. Defendants' unfair competition has caused and will continue to cause damage to Plaintiff, and is causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

29. The tendency and effect of Defendants' continued use of Plaintiff's name, alone or in combination with other words, in the advertising and marketing of its services is to cause confusion, mistake, and deception as to the source or origin of Plaintiff's products and services. Defendants' acts have damaged Plaintiff's business reputation and have impaired and diluted Plaintiff's goodwill in its mark, and constitute common law unfair competition.

30. The acts of Defendants constitute unfair competition under the common law of the State of Texas. As a direct and proximate result of the foregoing acts by Defendants, Plaintiff was caused to suffer damages which it seeks recovery herein.

31. Unless enjoined by this Court, Defendants will continue its acts of trademark infringement, thereby deceiving the public and causing Plaintiff immediate and irreparable harm and damage.

32. Plaintiff is entitled to an order of this Court, effective during the pendency of this action and thereafter to be made permanent, enjoining Defendants, their officers, agents, and employees, and anyone acting in concert with them, from using the phrase Fort Bend Pharmacy alone or in combination with other words or any other colorable imitations of the name, including Fort Bend Rx Pharmacy, in Defendants' advertising, marketing, or sale of its products and services, online or otherwise, or in any other way in connection with the conduct of its business.

33. As a result of Defendants' conduct as set forth above, Plaintiff has suffered damages the exact amount of which has not been ascertained. Plaintiff is entitled to recover damages in an amount to be proved at trial, together with interest thereon.

### E. TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONSHIPS

34. Plaintiff makes a substantial number of sales and has established customer relationships and has the expectancy to establish additional customer relationships as a result of its reputation.

35. Defendants know of Plaintiff's business relationships and expectancies and without justification, intentionally interfered with existing business relationships and has sought to frustrate Plaintiff's expected customer relationships.

36. Defendants' interference with existing and expected business relationships is the proximate cause of Plaintiff's injuries.

37. As a direct result of Defendants' actions, as set forth above, Plaintiff has been damaged. Defendants' unlawful conduct is causing Plaintiff severe and irreparable harm that cannot be adequately remedied solely by monetary damages. Unless restrained and enjoined by this Court, Defendants' unlawful actions are likely to continue, to the detriment of Plaintiff

F. **CONSPIRACY**

38. Defendants conspired amongst themselves to unlawfully divert customers, profits and goodwill from Plaintiffs. Defendants had a meeting of the minds on the object or course of action to engage in such unlawful purpose and committed overt acts to further the conspiracy.

39. Defendants' conspiracy has been the proximate cause of actual damages to Plaintiff in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues.

### JOINT ENTERPRISE

40. Pleading further and in the alternative, Defendants were engaged in a joint enterprise concerning the activities that caused Plaintiff's injuries and damages. With regard to those activities, there was an agreement among the Defendants, a common purpose to be carried out by Defendants, a community of pecuniary interest in that purpose between the Defendants, and an equal right to a voice in the direction of the enterprise, which gave an equal right of control to Defendants. As a result, each Defendant is liable for the actions of each other Defendant in furtherance of the enterprise.

## AGENCY

41. In addition or in the alternative, the acts or omissions complained of herein that caused Plaintiff's damages were committed by actual or apparent agents of Defendants. Each of the Defendants was an agent and/or employee of each of the remaining Defendants and was at all times acting within the purpose and scope of such agency and employment.

## ALTER EGO

42. Plaintiffs are informed and believe, and thereupon allege, that at all relevant times herein, the day-to-day operations of Defendants are inextricably intertwined with each other. Furthermore, at all relevant times, all Defendants controlled and managed assets, investments, and transactions of the business operating as Fort Bend RX Pharmacy.

## EXEMPLARY DAMAGES

43. Defendants' actions were aggravated by the kind of willfulness, wantonness and malice for which the law allows the imposition of exemplary damages. Therefore, Plaintiff is entitled to recover exemplary damages from Defendants in an amount to be determined by the jury.

## ACCOUNTING

44. Plaintiff requests that Defendants provide an accounting of all revenues, expenditures, assets and liabilities from the time it first began using Fort Bend Rx Pharmacy to present.

## CONDITIONS PRECEDENT

45. All conditions precedent have been performed, have occurred, or have been waived.

### JURY DEMAND

46. Plaintiff demands a jury trial and rely on the jury fee paid by Plaintiff.

### REQUEST FOR DISCLOSURE

47. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that each and every Defendant disclose within fifty (50) days of service of this request, the information and material described in Rule 194.2 (a) through (l).

### PRAYER

48. Plaintiff respectfully request that Plaintiff be granted judgment against Defendants, jointly and severally, for:

   a. a preliminary injunctions as requested herein;
   b. all damages proved at trial;
   c. exemplary damages in an amount to be determined by the jury;
   d. a constructive trust and/or disgorgement as set forth herein;
   e. reasonable and necessary attorneys' fees;
   f. pre- and post-judgment interest at the maximum rate allowed by law;
   g. costs of court; and
   h. all other relief, at law or in equity, to which Plaintiff may be entitled.

Respectfully Submitted,

GRAY REED & McGRAW, LLP

By /s/ Travis S. Crabtree
Travis S. Crabtree
Texas Bar No. 24015192
tcrabtree@grayreed.com
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
(713) 986-7000
(713) 986-7100 (fax)

ATTORNEYS FOR PLAINTIFFS